**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmy LaShawn McGill, | No. CV-21-01728-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is the January 26, 2023, Report and Recommendation ("R&R") of Magistrate Judge Camille D. Bibles (Doc. 21) recommending the Court deny Petitioner Jimmy LaShawn McGill's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") (Doc. 1). Petitioner challenges the sentences imposed on him by an Arizona state court for first-degree murder, sexual assault, and second-degree burglary. (Doc. 21 at 1) (quoting *State v. McGill*, 2017 WL 3048454, at *1 (Ariz. Ct. App. July 19, 2017)). Petitioner, through counsel, timely filed Objections to the R&R on February 9, 2023 (Doc. 22). The Respondents filed a Response to Petitioner's Objections on February 22, 2023 (Doc. 23). For the following reasons, the Court overrules Petitioner's objections, adopts the R&R as the Order of the Court, and denies the Petition with prejudice.

**I.   BACKGROUND**

Magistrate Judge Bibles recounted the factual and procedural background of Petitioner's post-conviction cases in state court. (Doc. 21 at 1–3). Neither party objected

to this recounting and the Court hereby accepts and adopts it. *See Thomas v. Arn*, 474 U.S. 140, 152 (1989) ("There is no indication that Congress . . . intended [the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C)] to require a district judge to review a magistrate's report to which no objections are filed."); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

## II.   STANDARD OF REVIEW

A district court "must make a *de novo* determination of those portions of the [magistrate judge's] report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). A district court is only required to review those portions objected to by a party, meaning a court can adopt without further review all portions not objected to. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

## III.   LEGAL STANDARD

Petitioner is in custody based on state court convictions. Accordingly, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 applies. *Milke v. Ryan*, 711 F.3d 998, 1003 (9th Cir. 2013). For Section 2254(d) claims, the Court reviews the last reasoned state court decision addressing the claim. *E.g.*, *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991). A federal court cannot grant habeas relief based on a claim that was adjudicated on the merits in state court proceedings unless the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For a federal court, whether the "state court err[ed] in determining the facts is a different question from whether it errs in applying the law." *Cf. Rice v. Collins*, 546 U.S. 333, 342 (2006). Generally, § 2254(d)(1) applies to challenges to purely legal questions

resolved by the state court and § 2254(d)(2) applies to purely factual questions resolved by the state court. *Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004).

### A. Relief Under 28 U.S.C. § 2254(d)(1)

Petitioner is not entitled to relief under 28 U.S.C. § 2254(d)(1) unless he can establish that the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). In applying "Federal law" the state court only needs to look to Supreme Court precedent. *See Carey v. Musladin*, 549 U.S. 70, 74 (2006). The " 'clearly established' phrase 'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.' " *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A federal court must look to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* at 71–72.

"A state-court decision is contrary to [the Supreme Court's] clearly established precedents if it applies a rule that **contradicts** the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (emphasis added).

Whether "the state court's application" of the United States' Supreme Court precedent "was unreasonable," *Harrington v. Richter*, 562 U.S. 86, 101 (2011), is different from whether it was merely "incorrect or erroneous." *Andrade*, 538 U.S. 63, 75 (2003); *see also Williams v. Taylor*, 529 U.S. 362, 410 (2000) ("[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law.") (emphasis in original). The state court's decision involves an unreasonable application of clearly established federal law to the facts only if it is objectively unreasonable. *See, e.g.*, *Renico v. Lett*, 559 U.S. 766, 773 (2010). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102. The Court "must determine what arguments or theories supported or . . . could have supported the

state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme] Court." *Id.*

Petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*, 562 U.S. at 103. This is a "highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (*per curiam*) (internal quotation marks omitted).

### B.   Relief Under 28 U.S.C. § 2254(d)(2)

Petitioner is not entitled to relief under 28 U.S.C. § 2254(d)(2) unless he can establish that the state court decision in his case was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court decision based on a factual determination is "not unreasonable merely because the federal court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The factual determination must be "***objectively*** unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003) (emphasis added). This means that even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341–342 (2006).

To find that a factual determination is unreasonable under § 2254(d)(2), the court must be "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004), *overruled on other grounds by Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). "This is a daunting standard—one that will be satisfied in relatively few cases." *Id.*; *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "State-court factual findings, moreover, are presumed correct; the petitioner has

the burden of rebutting the presumption by 'clear and convincing evidence.'" *Collins*, 546 U.S. at 338–339 (quoting § 2254(e)(1)). This "clear and convincing evidence standard . . . pertains only to state-court determinations of ***factual issues***, rather than ***decisions***." *Miller-El*, 537 U.S. at 341 (emphasis added).

## IV.  ANALYSIS

Petitioner contends his sentence for crimes he committed as a juvenile is a *de facto* life sentence and violates the Eighth Amendment's prohibition as articulated by *Miller v. Alabama*, 567 U.S. 460, 479 (2012) ("[T]he Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"), and *Montgomery v. Louisiana*, 577 U.S. 190, 208–09 (2016) (holding *Miller* applies retroactively). Petitioner presented this claim to the Arizona state courts, which denied relief on the basis that *Miller* and related cases do not apply to juveniles that received "a parole-eligible life sentence, irrespective of whether that defendant had been sentenced to consecutive prison terms for other offenses." *State v. McGill*, 2021 WL 3286282, at *1 (Ariz. Ct. App. Aug. 2, 2021). The Magistrate Judge concluded the Arizona state court's denial was not contrary to, or an unreasonable application of, clearly established Federal law as determined by the United States Supreme Court and was not based on an unreasonable determination of the facts. (Doc. 21 at 6–18). For the following reasons, the Court agrees with the Magistrate Judge, overrules Petitioner's objections, and adopts the Magistrate Judge's R&R.

### A.  The Court Overrules Petitioner's Objections Regarding the R&R's 28 U.S.C. § 2254(d)(1) Recommendations.

The Magistrate Judge concluded the Arizona state court's denial was not contrary to, or an unreasonable application of, clearly established Federal law as determined by the United States Supreme Court because "there is no clearly established Supreme Court precedent holding that an aggregate sentence that is 'functionally equivalent' to a sentence of life imprisonment without the possibility of parole, which includes a parole-eligible sentence on a homicide conviction, violates the Eighth Amendment." (Doc. 21 at 6–18) (citing *Harrington*, 562 U.S. at 101). Petitioner objects to the R&R's findings and

recommendations under 28 U.S.C. § 2254(d)(1) (Doc. 21 at 6–14) and says the R&R: (1) "totally ignores" Petitioner's argument that the Arizona Supreme Court in *State v. Soto-Fong*, 474 P.3d 34 (Ariz. 2020) misconstrued *Miller* and related cases, which is contrary to or an unreasonable application of *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996) (Doc. 22 at 2); (2) interprets *Miller* and related cases "too narrowly and directly contrary" to Supreme Court precedent (*id.* at 2–6); and (3) ignores Ninth Circuit precedent interpreting clearly established federal law. (*Id.* at 6–7).

### 1.    Failure to Consider *Seminole Tribe of Florida v. Florida*

Petitioner first objects that the Magistrate Judge failed to address his argument that the Arizona Supreme Court in *State v. Soto-Fong*, 474 P.3d 34 (Ariz. 2020) "improperly dismissed the binding Supreme Court precedent as mere dicta," which Petitioner says was contrary to or an unreasonable application of *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). (Doc. 22 at 2). The Court overrules this objection. Petitioner's issue with the Arizona Supreme Court's holding in *Soto-Fong* is misplaced. The question before this Court is whether "the Arizona appellate court's decision denying relief in [Petitioner's] post-conviction action on his Eighth Amendment claim was contrary to" *Montgomery*, *Miller*, and *Graham*. (Doc. 21 at 6). In finding that the state appellate court decision was not contrary to" *Montgomery*, *Miller*, and *Graham*, the Magistrate Judge clearly explained why the state court *in Petitioner's case* did not unreasonably apply clearly established federal law. (Doc. 21 at 7–10). The R&R did not err by not addressing Petitioner's perceived legal errors in *Soto-Fong*.

The Magistrate Judge did not directly address *Seminole Tribe* but provides a comprehensive analysis addressing Petitioner's Eighth Amendment habeas claim. Omitting *Seminole Tribe* does change that the R&R reached the correct conclusion. The Court overrules this objection.

### 2.    Interpretation Too Narrow and Directly Contrary to *Miller* and *Montgomery*

Petitioner next objects that the R&R interprets *Miller v. Alabama*, 567 U.S. 460

(2012) and *Montgomery v. Louisiana*, 577 U.S. 190 (2016). (Doc. 22 at 2–3) too narrowly. However, the Magistrate Judge explained that when reviewing a state court decision under § 2254(d)(1), if there is no "'clear answer'" to the issue before the state court, then it cannot be said such court " 'unreasonably applied clearly established Federal law.'" (Doc. 21 at 5) (quoting *Wright v. Van Patten*, 552 U.S. 120, 126 (2008)). An "unreasonable application of" those holdings must be "objectively unreasonable," not merely wrong; even "clear error" will not suffice. *Andrade*, 538 U.S. at 75–76. If the Court must "extend [the Supreme Court's] rationale before it can apply to the facts at hand," then such rationale was not "clearly established at the time of the state-court decision." *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004). Absent clearly established Federal law, a state court is not required to "extend [the Supreme Court's] precedent or license federal courts to treat the failure to do so as error" warranting grounds for relief under § 2254(d)(1). *White v. Woodall*, 572 U.S. 415, 426 (2014) (citation omitted). Therefore, a state court unreasonably applies the Supreme Court's precedent "if, and only if, it is so obvious that a clearly established rule applies to a given set of facts" and "there could be no 'fairminded disagreement' on the question." *Id.*, 572 U.S. at 427 (citation omitted).

The Magistrate Judge concluded that Petitioner's claim "does not fall squarely within the controlling legal standard" of *Miller* and *Montgomery*'s interpretation of *Miller* because Petitioner's sentence involves a parole-eligible sentence for a homicide crime, followed by consecutive sentences for non-homicide crimes. (Doc. 21 at 10–11). Plaintiff also tacitly acknowledges the Supreme Court has never held that a juvenile defendant's consecutive sentence violates the Eighth Amendment. (Doc. 22 at 5) ("[T]he facts, reasoning, and words of *Miller*, *Montgomery*, and *Graham v. Florida*, 560 U.S. 48 (2010) all directly and necessarily *implicate* any sentence resulting in a juvenile offender spending the rest of their life in prison, no matter whether that sentence is formal of [sic] *de facto*.") (emphasis added) (citation omitted).

For *Miller* and related cases to apply, the state court would have had to extend the Supreme Court's reasoning to find that Petitioner's Eighth Amendment rights were

violated; its decision not to make such an extension was therefore not a decision that was contrary to clearly established federal law. *See Woodall*, 572 U.S. at 426 ("'[I]f a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'") (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)). Section 2254(d)(1) "does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *Id.*, 572 U.S. at 426 (citation omitted) (finding state supreme court's application of Fifth Amendment was not objectively unreasonable warranting federal habeas relief under § 2254(d)(1)). Given that the holding of *Miller* does not expressly apply to Petitioner's case, this Court cannot conclude that the state court's decision was contrary to, or an unreasonable application of, clearly established Federal law.

### 3. Failure to Follow Ninth Circuit's Interpretation of Clearly Established Federal Law

Petitioner also argues that the R&R improperly distinguished *Moore v. Biter*, 725 F.3d 1184 (9th Cir. 2013), and relied on *Demirdijan v. Gipson*, 832 F.3d 1060 (9th Cir. 2016) and *Amaral v. Ryan*, 2021 WL 5984981 (9th Cir. Dec. 16, 2021). (Doc. 22 at 6–7). Petitioner says the fact that the defendant in *Moore* was convicted of only non-homicide was an improper basis to distinguishes *Moore*, because "the distinction between homicide and non-homicide crimes affects only the scope of the remedy, not whether the Eighth Amendment is implicated at all." (Doc. 22 at 6). But the fact the defendant in *Moore* was sentenced to "254 years' imprisonment for non-homicide offenses, committed as a juvenile" was what brought that case within the ambit of *Graham*. 560 U.S. at 63 ("The instant case concerns only those juvenile offenders sentenced to life without parole solely for a nonhomicide offense."). Petitioner was convicted of homicide offenses. This was not an improper basis to distinguish *Moore*. It also does not change the conclusion that *Moore* does not provide Petitioner a basis for habeas relief.

The Supreme Court has "repeatedly emphasized . . . [that] circuit precedent does not constitute clearly established Federal law as determined by the Supreme Court." *Glebe v. Frost*, 574 U.S. 21, 24 (2014) (internal quotation marks omitted); *Lopez v. Smith*, 574 U.S.

1, 6 (2014) (affirming that § 2254(d)(1)'s "clearly established" requirement is based on the Supreme Court's precedent, not by any court of appeals' *refinement* of a general principle of Supreme Court jurisprudence) (emphasis added).  As correctly noted in the R&R, circuit court decisions are only **persuasive** for determining what is clearly established federal law and whether the state court unreasonably applied the law.  (Doc. 21 at 4) (citing *Cooper v. Brown*, 510 F.3d 870, 920 (9th Cir. 2007) (emphasis added).  This reason alone is sufficient to overrule Petitioner's objections concerning the R&R's alleged failure to follow one Ninth Circuit decision but not another.

Petitioner fails to establish that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law under 28 U.S.C. § 2254(d)(1).

### B. The Court Overrules Petitioner's Objections Regarding the R&R's 28 U.S.C. § 2254(d)(2) Recommendation

Petitioner also objects to the R&R's findings concerning § 2254(d)(2).  (Docs. 21 at 15–18, 22 at 7–8).  The Magistrate Judge concluded the Arizona state court's denial was not based on an unreasonable determination of the facts because "there was no erroneous 'finding of fact' by any state court in the instant matter, and § 2254(d)(2) is not relevant to the decision under review in this matter."  (Doc. 21 at 18).  Petitioner's objection of alleged unreasonable "factual determinations" concerns the Arizona Supreme Court in *Soto-Fong*'s interpretation of *Miller* and related cases.  For the reasons below, the Court overrules Petitioner's objection and adopts the R&R.

First, § 2254(d)(2) expressly contemplates an "unreasonable determination of the facts in light of the evidence **presented in the State court proceeding**."  28 U.S.C. § 2254(d)(2) (emphasis added).  The factual determinations that are the basis of this objection are beyond the scope of § 2254(d)(2), as Petitioner does not complain of unreasonable determinations made from the factual record before the state court.  *See Pinholster*, 563 U.S. at 181–82.  A state court renders an unreasonable determination of the facts if it "plainly misapprehends or misstates the record in making its findings or where the state court has before it, yet apparently ignores, evidence that supports petitioner's

claim." *Andrew v. Davis*, 944 F.3d 1092, 1107 (9th Cir. 2019) (internal quotations omitted). This means that this Court reviews only those factual determinations made by the state court to deny Petitioner's claim. *See Burt v. Titlow*, 571 U.S. 12, 18 (2013) (stating that as to § 2254(d)(2), the federal court must look at "the factual basis for a prior state-court decision rejecting a claim."). Petitioner does not object that the state court in Petitioner's case made any unreasonable determinations of facts presented in *his* case. Rather, Petitioner contends the Arizona Supreme Court in *Soto-Fong*, made unreasonable determinations of facts. In other words, Petitioner's § 2254(d)(2) claim is based on the *Soto-Fong* court's decision to consider a particular case that is also factually unrelated to Petitioner's claim. This is not a valid basis for relief under § 2254(d)(2) and the Magistrate Judge thoroughly addressed this argument. (Doc. 21 at 16–18).

For these reasons, the Court overrules this objection, accepts and adopts the R&R, and denies Petitioner's habeas petition under 28 U.S.C. § 2254(d)(2).

### C. The Court Declines to Issue a Certificate of Appealability

The R&R recommends that this Court deny the issuance of a certificate of appealability ("COA"). (Doc. 21 at 19). Petitioner objects to this recommendation. (Doc. 22 at 8–10).

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). To appeal, he must first obtain a COA from a district or appellate court. *Id.* This Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner makes a substantial showing by "demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Upon review of the record in light of the standards for granting a certificate of appealability, the Court finds that this Court's resolution of the constitutional claims is not

1 debatable among reasonable jurists nor are the issues presented adequate to deserve
2 encouragement to proceed further. Though the breadth of *Miller* may still be an open
3 question, it is not debatable that the Arizona Court of Appeals decision was not contrary to
4 or an unreasonable application of clearly established Federal law.

5     Accordingly,

6     **IT IS ORDERED** that Magistrate Judge Bible's Report and Recommendation
7 (Doc. 21) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

8     **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant
9 to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

10     **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing
11 § 2254 Cases, a Certificate of Appealability is **DENIED** because reasonable jurists would
12 not find the procedural ruling debatable nor are the issues presented adequate to deserve
13 encouragement to proceed further.

14     **IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action
15 and enter judgment accordingly.

16     Dated this 14th day of May, 2025.

Honorable Diane J. Humetewa
United States District Judge